**20 P.(2d) 1029**

**In re PROTEST AGAINST THE CLOSING OF CROSSING NINE POLES SOUTH OF MILE POST NO. 31 AT MORIARTY.**

No. 3841.

Supreme Court of New Mexico.

March 24, 1933.

J. S. Vaught, of Albuquerque, for protestants.

W. C. Reid and E. C. Iden, both of Albuquerque, for respondents.

ZINN, Justice.

The railroad company has removed to this court for review an order of the State Corporation Commission entered on July 29, 1932, directing and ordering the railroad company to open a crossing located nine poles south of mile post No. 31 at Moriarty, N. M., which crossing had been recently closed by the railroad company, and further ordered that said crossing should remain open until further order of the commission.

It appears from the record that the Corporation Commission had been petitioned to

close the crossing in question, which petition was presented to the commission on March 9, 1932. The petition was submitted to the railroad company for action, and on March 16, 1932, the railroad company had closed and barricaded the crossing; that after such action, on April 26, 1932, the Corporation Commission received other petitions requesting that the crossing be reopened and the barricade removed. An attempt was made by the Corporation Commission to have all the interested parties settle the matter, but, failing to arrive at any satisfactory agreement, the commission set the matter for hearing on January 7, 1932, at Moriarty, N. M., which hearing was duly had, and the commission on the 29th day of July, 1932, issued its order to reopen the crossing, and ordered the crossing to remain open pursuant to the authority of the commission under section 7, article 11 of the New Mexico Constitution, from which order the railroad company removed the case to this court for review. The Corporation Commission found that public interest demands the crossing be reopened.

■ The question presented for review is whether, under the conditions shown to exist, the order of the Corporation Commission is reasonable and just, considering the interest and rights, not only of the public, but that of the railroad.

The crossing in question is located about one-quarter mile south of Moriarty, a small community in the Estancia Valley, with an approximate population of 275 people, through which runs the Santa Fé Railroad. Through the town runs a Center or main street, which street crosses the tracks of the Santa Fé Railroad just immediately south of the depot, and on which street most of the business of the community is situated.

Going south into Moriarty the public travels on highway 470, and upon reaching the Center or main street of Moriarty the traveling public must make a sharp left turn to cross the tracks of the Santa Fé, and, immediately after crossing, make another sharp right turn and continue on the highway 470 south. Both turns are right angle turns. By continuing on the highway when the traveler reaches the Center or main street of Moriarty and not making the left turn above noted, the traveling public will cross the Santa Fé tracks on the crossing in question about one-quarter mile south of Moriarty and again be on highway 470, without making the necessary left and right turns above described, and will not pass through the business section of Moriarty located on the east side of the railroad track.

To cross at Center or main street, the traveler crosses the main track as well as a side track, whereas, continuing along the west side until the crossing in question is reached, and then cross over the Santa Fé track, only one track need be crossed. The road on the east side of the track, beyond the Center street crossing, is maintained as a surfaced highway, but the road on the west side of the track which reaches the crossing in question is not maintained by either the state or county. Continuing south on the west side to the crossing in dispute, the traveler finds himself at the end of a cut on a down grade of about

1½ per cent. though there are very few trains operated on that line and there have been no accidents.

There is very little difference, if any, in distance, in crossing at Center street or at the one in dispute. Coming north from Estancia, and one-quarter of a mile before the town of Moriarty is reached, this highway splits in two; the two roads paralleling each other 200 feet apart for a distance of one-quarter of a mile leading into the town until they converge on Center street west of the Center street crossing.

For many years both crossings were used. In fact, the crossing in question for many years was used more than the Center or main street crossing.

The question presented is the necessity of two crossings for convenience of the public; one on the designated highway, and one on an abandoned highway, both highways paralleling each other about 200 feet apart for a distance of one-quarter of a mile.

■ Public convenience and necessity, considering the interest and rights of the public and the railroad, are the determinative factors as to the reasonableness and justness of the order of the Corporation Commission.

The present Center street crossing cannot be closed. It is the main street of Moriarty. To predicate the opening of the second crossing, as the commission has done, upon the fact that it is less dangerous than the town crossing, is fallacious reasoning.

The commission evidently was led to open the crossing in dispute for the reason that it was necessary to make the right angle turns to cross the railroad tracks in the center of Moriarty. This necessitates a slowing up of the automobile before and during the crossing of the railroad track. However, the public is required, by section 11-708, New Mexico Statutes Annotated, 1929 Compilation, to slow down automobiles before crossing any railroad track where the view is obscured, either wholly or partially, to a speed of six miles per hour before crossing. At such rate of speed the Center street crossing is not dangerous.

It is true that straight roads without crossings are preferable to right angle turns at crossings, but, two crossings not being necessary, the state saw fit to designate the one through the center of Moriarty and constructed highway 470 accordingly.

The density of traffic does not warrant two crossings.

The order of the commission would require an opening of the crossing at a place where there would be no highway to connect with it, which would certainly be a crossing without the attributes of public necessity or public convenience.

We must find from the facts that the order of the Corporation Commission to reopen the crossing is unreasonable, and must therefore decline enforcement of the order, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.